```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
SHANE WILLIAMS,

                Petitioner,
                                        MEMORANDUM & ORDER
        -against-                       09-CV-3576(JS)

SUPERINTENDENT DAVID ROCK,

                Respondent.
----------------------------------X
APPEARANCES
For Petitioner:     Shane Williams, pro se
                    06A3334
                    Green Haven Correctional Facility
                    P.O. Box 4000
                    Stormville, NY 12582

For Defendant:      Grazia Divincenzo, Esq.
                    Suffolk County District Attorney's Office
                    Criminal Courts Building
                    200 Center Drive
                    Riverhead, NY 11901
```

SEYBERT, District Judge:

Shane Williams ("Petitioner") petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the following reasons, his Petition[1] is DENIED.

BACKGROUND

On May 26, 2006, Petitioner was convicted of three counts of committing a Criminal Sexual Act in the First Degree, N.Y. PENAL

---

[1] Petitioner included in his Petition an application to proceed in forma pauperis. The Court does not need to address this application in this Order as the IFP application was processed according to Administrative Order 2001-06 which deemed it GRANTED.

LAW § 130.50, five counts of Sexual Abuse in the First Degree, N.Y. PENAL LAW § 130.65, and one count of Robbery in the Second Degree, N.Y. PENAL LAW § 160.10, and was sentenced to determinate terms of imprisonment totaling twenty-six years with five years of post-release supervision. (Pet. ¶¶ 2-5; Return ¶ 2; Sentencing Tr. May 26, 2006, at 8-11).

Petitioner appealed the judgment of conviction to the Appellate Division, Second Department on the grounds that: (1) Petitioner's statements should have been suppressed because the police strategically thwarted his arraignment on an unrelated, subsequent robbery charge in order to keep Petitioner in custody and extract a confession on the original criminal charges; (2) the evidence did not establish Petitioner's guilt beyond a reasonable doubt and the verdict was against the weight of the evidence; and (3) the twenty-six year determinate sentence imposed for Petitioner's first felony conviction was unduly harsh and excessive and should be modified in the interests of justice. (Pet. ¶¶ 8-9; Return ¶ 17).

On July 15, 2008, the Appellate Division affirmed the judgment of conviction. People v. Williams, 53 A.D.3d 591, 861 N.Y.S.2d 420 (2d Dep't 2008). The court held that Petitioner had not preserved for appellate review his contentions "that his statements to law enforcement officials should have been suppressed

because the police intentionally delayed his arraignment" and that the evidence did not "establish Petitioner's guilt beyond a reasonable doubt." Id. at 592, 861 N.Y.S.2d at 420 (citing N.Y. CRIM. PROC. LAW § 470.05(2); People v. Ramos, 99 N.Y.2d 27, 34, 750 N.Y.S.2d 821, 825, 780 N.E.2d 506, 510 (2002)). Notwithstanding the determination that these claims were unpreserved, the court held "[i]n any event" that these claims lacked merit. Williams, 53 A.D.3d at 592, 861 N.Y.S.2d at 420. Acknowledging that "undue delay is but one factor in assessing the voluntariness of a confession", the Appellate Division held that the pre-trial Huntley[2] hearing record established that Petitioner's statements were "voluntarily made after he was advised of his rights" and thus were properly admitted into evidence. Id. at 592, 861 N.Y.S.2d at 421 (citations omitted). The Appellate Division also ruled that, upon viewing the evidence in the light most favorable to the prosecution, that the evidence was legally sufficient to establish Petitioner's guilt beyond a reasonable doubt. Id. Because "[r]esolution of issues of credibility is primarily a matter to be determined by the finder of fact, which saw and heard the

---

[2] "A Huntley hearing is a pre-trial proceeding to determine the admissibility of a confession or admission." Acosta v. Artuz, 575 F.3d 177, 187 n.3 (2d Cir. 2009); see also People v. Huntley, 15 N.Y.2d 72, 78, 255 N.Y.S.2d 838, 843, 204 N.E.2d 179, 183 (1965).

3

witnesses," the Appellate Division "accorded great deference" in reviewing the underlying factual record to hold that the verdict of guilt was not against the weight of the evidence. Id. (citations omitted). Further, the Appellate Division held that the sentence imposed was not excessive. Id. Petitioner sought leave to appeal the Appellate Division's July 15, 2008 affirmation of his judgment of conviction and sentence to the Court of Appeals, which was denied on September 11, 2008. People v. Williams, 11 N.Y.3d 796, 866 N.Y.S.2d 622, 896 N.E.2d 108 (2008).

On May 20, 2009, Petitioner filed a motion pursuant to N.Y. CRIM. PROC. LAW § 440.10 ("440.10 Motion") in the Supreme Court, Suffolk County, claiming that his trial counsel was ineffective for failing to preserve the arguments, raised on appeal, that his statements should have been suppressed and that the evidence was legally insufficient to support his conviction. The court denied the motion on July 1, 2009, finding that, because Petitioner had presented arguments that were raised and rejected upon the direct appeal from his conviction to the Appellate Division, Article 440 of the N.Y. Criminal Procedure Law "is not available to re-litigate matters already resolved." People v. Williams, No. 2456-2005 (Suff. Cnty. Ct. July 1, 2009). Petitioner sought leave to appeal in the Appellate Division, and on September 23, 2009, the Appellate Division denied Petitioner's application. People v. Williams, No.

2006-07568 (2d Dep't Sept. 23, 2009).

On August 13, 2009, Petitioner filed the instant application for a writ of habeas corpus. In response to this Court's September 11, 2009 Order to Show Cause, the District Attorney of Suffolk County, as attorney for Respondent, filed a Return to the Petition together with an Affirmation from Edward J. Vitale, Esq., Petitioner's trial counsel.

DISCUSSION

I. Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may grant a writ of habeas corpus to a state prisoner when prior state adjudication of the prisoner's case: (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). A state court decision is contrary to clearly established federal law if it "applies a rule that contradicts the governing law set forth in [Supreme Court] cases, or if it confronts a set of facts that is materially indistinguishable from a decision of [the Supreme] Court but reaches a different result." Brown v. Payton,

544 U.S. 133, 141, 125 S. Ct. 1432, 161 L. Ed. 2d 334 (2005). "A state-court decision involves an unreasonable application of [the Supreme] Court's clearly established precedents if the state court applies [them] to the facts in an objectively unreasonable manner." Id. Clearly established federal law "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." Yarborough v. Alvarado, 541 U.S. 652, 660–61, 124 S. Ct. 2140, 158 L. Ed. 2d 938 (2004) (internal quotation marks and citation omitted).

II. The Petition

Petitioner seeks federal habeas relief on the following grounds: (1) Petitioner's statements should have been suppressed because the police strategically thwarted his arraignment in order to keep him in custody and extract a confession; (2) the evidence did not establish Petitioner's guilt beyond a reasonable doubt and the verdict was against the weight of the evidence; (3) the twenty-six year determinate sentence imposed for Petitioner's first felony conviction was unduly harsh and excessive and should be modified in the interests of justice (Pet. ¶¶ 9(f), 12); and (4) trial counsel was ineffective for failing to preserve for appellate review Petitioner's claims concerning suppression and the legal

6

sufficiency of the evidence[3] (Pet'r Ltr., Docket Entry 1-2). Petitioner relies on the arguments he made previously on direct appeal and in his 440.10 Motion to vacate. For the reasons that follow, habeas relief is DENIED.

    A.   <u>Procedural Default</u>

"In the context of federal habeas petitions brought by state prisoners, an independent and adequate finding by the state court that a claim was procedurally barred by state law prevents subsequent habeas review of that claim in federal court." <u>Torres v. Ercole</u>, No. 08-CV-0414(JS)(AKT), 2012 WL 911871, at *3 (E.D.N.Y. Mar. 16, 2012) (citing <u>Harris v. Reed</u>, 489 U.S. 255, 262, 109 S. Ct. 1038, 103 L. Ed. 2d 308 (1989)); <u>see</u> <u>also</u> <u>Coleman v. Thompson</u>, 501 U.S. 722, 750, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991). Further, federal habeas review is unavailable where a state court has relied on "an independent and adequate state procedural ground,

---

[3] Whether Petitioner seeks habeas review of his ineffective assistance of counsel claim is far from clear. This claim is not raised in the Petition; rather, Petitioner filed a letter on August 13, 2009 along with his Petition requesting that this Court stay determination of his Petition pending the exhaustion of his appeal of the denial of his 440.10 Motion to the Appellate Division. The Appellate Division has since denied Petitioner's application for leave to appeal, <u>People v. Williams</u>, No. 2006-07568 (2d Dep't Sept. 23, 2009) and Petitioner has not sought leave to amend his Petition. Nevertheless, given that the Respondent has addressed the ineffective assistance of counsel claim in its Return and waived the exhaustion requirement (<u>see</u> Resp. Br. at 10), the Court has construed the claim as a ground for relief in his Petition.

7

'even where the state court has also ruled in the alternative on the merits of the federal claim.'" Torres, 2012 WL 911871, at *3 (quoting Glenn v. Bartlett, 98 F.3d 721, 724 (2d Cir. 1996)). A state prisoner may overcome this barrier to federal review by showing "cause for the default and prejudice attributable thereto," or by demonstrating "that failure to consider the federal claim will result in a fundamental miscarriage of justice." Torres, 2012 WL 911871, at *3 (quoting Harris, 489 U.S. at 262 (internal quotation marks omitted); see also Coleman, 501 U.S. at 750 ("In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.").

Here, Petitioner's claims that his statements should have been suppressed and that the evidence did not establish his guilt beyond a reasonable doubt are procedurally barred. On direct appeal, the Second Department explicitly held that Petitioner's contention that "his statements to law enforcement officials should have been suppressed because the police intentionally prevented his arraignment in order to isolate and interrogate him for a prolonged

period of time . . . is unpreserved for appellate review." Williams, 53 A.D.3d at 592, 861 N.Y.S.2d at 420 (citations omitted). Similarly, the Appellate Division expressly stated that Petitioner's "claim of legal insufficiency is unpreserved for appellate review." Id. at 592, 861 N.Y.S.2d at 421 (citing N.Y. CRIM. PROC. LAW § 470.05[2]). The fact that the Second Department went on to rule on the merits of the claims "[i]n any event," id., does not change the fact that an adequate and independent state procedural rule bars these claims, see Glenn v. Bartlett, 98 F.3d 721, 724-725 (2d Cir. 1996) (When a state court expressly relies upon a state procedural bar in denying a claim and rules "in any event" on the merits, such a claim is not preserved for federal habeas review, absent a showing of cause and prejudice.); Velasquez v. Leonardo, 898 F.2d 7, 9 (2d Cir. 1990) (finding an adequate and independent state procedural bar where Appellate Division held that federal claims were unpreserved while, "in any event," finding them to be without merit); Smith v. Herbert, 275 F. Supp. 2d 361, 367 (E.D.N.Y. 2003) (holding that "[w]hen a state court 'says that a claim is not preserved for appellate review and then ruled 'in any event' on the merits, such a claim is not preserved'" (quoting Glenn v. Bartlett, 98 F.2d 721, 724-25 (2d Cir. 1996)). Moreover, Petitioner has not attempted to show cause for the defaults or prejudice, nor has he attempted to show that failure to review the

9

claims would result in a fundamental miscarriage of justice.

B. <u>Unduly Harsh Sentence</u>

Petitioner also asserts that his sentence was unduly harsh and severe in violation of the Eighth Amendment.[4] The Appellate Division, Second Department, rejected Petitioner's contentions and affirmed the sentence. <u>Williams</u>, 53 A.D.3d at 592, 861 N.Y.S.2d at 420 ("The sentence imposed was not excessive."). Given the adjudication of this claim on the merits in state court, habeas relief in this Court is unavailable unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States . . . ." 28 U.S.C. § 2254(d)(1). As is readily apparent, Petitioner's Eighth Amendment claim is meritless.

"No federal constitutional issue is presented where . . . the sentence is within the range prescribed by state law." <u>White v. Keane</u>, 969 F.2d 1381, 1383 (2d Cir. 1992) (citation

---

[4] The Court notes that Petitioner's challenge to his sentence before this Court and to the state courts incorrectly relies on the Seventh Amendment of United States Constitution. <u>See</u> Pet. ¶9(f); <u>see</u> <u>also</u> Appellant's Br. at 27, <u>People v. Williams</u>, No. 2006-06156 (2d Dep't Dec. 26, 2007). Given that an excessive sentence claim is properly brought under the Eighth Amendment, the Court so construes his claim here.

10

omitted); see also White v. Rock, No. 10-CV-5163, 2013 WL 1767784, at *24 (E.D.N.Y. Apr. 22, 2013); Parson v. Sup. of Fishkill Corr. Fac., No. 12-CV-2358, 2013 WL 1953181, at *2 (S.D.N.Y. May 13, 2013) (citing Santos v. Rock, No. 10-CV-2896, 2011 WL 3449595, at *9 n.11 (S.D.N.Y. Aug. 5, 2011)). Here, Petitioner was sentenced to a determinate term of imprisonment totaling twenty-six years with five years of post-release supervision broken down as follows: (i) concurrent determinate term of imprisonment of twenty-two and a half years on three counts of criminal sexual act in the first degree with five years of post-release supervision, (ii) a concurrent determinate term of imprisonment of seven years on five counts of sex abuse in the first degree with three years of post-release supervision; and (iii) a consecutive determinate term of imprisonment of three and a half years on one count of robbery in the second degree. (Sentencing Tr. 8-11, May 26, 2006.) These sentences are well within the maximum sentence prescribed by the New York Penal Law for the crimes for which Petitioner was convicted. See N.Y. PENAL LAW § 130.50 (describing the offense of criminal sexual act in the first degree as a Class B felony); Id. § 70.80(4)(a)(i) (stating that the sentence for a Class B felony sex offense is a determinate term of at least five years and no more than twenty-five years); Id. § 130.65 (describing the offense of sexual abuse in the first degree as a Class D felony); Id. §

11

70.80(4)(a)(iii) (stating that the sentence for a Class D felony sex offense is a determinate term of at least two years and no more than seven years); Id. § 160.10 (describing the offense of robbery in the second degree as a Class C felony); Id. § 70.00(2)(c) (stating that the sentence for a Class C felony shall not exceed fifteen years). Accordingly, this claim is without merit. See Gonzalez v. Travis, 172 F. Supp. 2d 448, 457 (S.D.N.Y. 2001) (finding excessive sentence claim not cognizable for habeas review where sentence was within statutory range); Herrera v. Artuz, 171 F. Supp. 2d 146, 151 (S.D.N.Y. 2001) (holding the trial court's imposition of consecutive sentences was appropriate and did not provide ground for habeas relief); McCalvin v. Senkowski, 160 F. Supp. 2d 586, 589 (S.D.N.Y. 2001) ("Sentencing decisions are not cognizable on habeas review unless the sentence imposed falls outside the range prescribed by state law."); Thomas v. Senkowski, 968 F. Supp. 953, 956 (E.D.N.Y. 1997) (dismissing excessive sentence claim where the petitioner's sentence fell within the range prescribed by state law).

    C.    Ineffective Assistance of Trial Counsel

As noted above, see supra at p. 6 and note 2, Petitioner now claims that his trial counsel was ineffective for failing to preserve for appellate review his claims that his statements should have been suppressed and that the evidence did not establish

Petitioner's guilt beyond a reasonable doubt.[5]  The ineffective assistance of counsel claim was raised by Petitioner in his 440.10 Motion and rejected by the County Court, Suffolk County, under N.Y. CRIM. PROC. LAW § 440.10(2) because the underlying issues raised were previously determined on the merits upon a direct appeal from judgment of conviction and there had been no retroactive change in the law controlling the issue.  See N.Y. CRIM. PROC. LAW § 440.10 (2)(a); see also People v. Williams, No. 2456-2005 (Suffolk Cnty. Ct. July 1, 2009).  Petitioner sought a certificate granting leave to appeal that Decision and Order and the Appellate Division, Second Department, denied his application.  See People v. Williams, No. 2009-07568, 2009 WL 3018195 (2d Dep't Sept. 23, 2009). Petitioner did not appeal from the Appellate Division's September 23, 2009 denial, nor could he since further direct review by the Court of Appeals is unavailable.  See N.Y. COMP. CODES R. & REGS., tit. 22, § 500.20(a) (authorizing only one request for review of a conviction).  Accordingly, his ineffective assistance of counsel

---

[5] As noted earlier, the ineffective assistance of counsel claim is not properly before the Court.  By letter filed on October 9, 2009, Petitioner advised the Court that the Appellate Division had denied his application for leave to appeal the denial of his 440.10 Motion by Decision and Order dated September 23, 2009 and enclosed a copy of the decision. (Pet'r Ltr., Docket Entry 1-2.) Thus, Petitioner was certainly aware that his application had been denied by the Appellate Division.  Yet, to date, Petitioner has not sought leave to amend his Petition.

13

claim is procedurally barred under state law. See Grey v. Hoke, 933 F.2d 117, 120 (2d Cir. 1991); see also Broadnax v. Conway, No. 11-CV-0021, 2013 WL 1775693, at *11-12 (N.D.N.Y. Apr. 25, 2013).

Nevertheless, given that the Respondent has addressed Petitioner's ineffective assistance claim in its Return and has waived the exhaustion requirement, together with the fact that Petitioner is proceeding pro se, the Court now considers the ineffective assistance of counsel claim.

As noted above, given that the Appellate Division denied Petitioner's application for leave to appeal from the denial by the County Court, Suffolk County, of his 440.10 motion, further review of this claim in state court is foreclosed. See N.Y. COMP. CODES R. & REGS., TIT. 22, § 500.20(a); see also Broadnax, 2013 WL 1775693, at *11. Accordingly, this procedurally barred ineffective assistance claim is now "deemed exhausted," St. Helen v. Senkowski, 374 F.3d 181, 183-84 (2d Cir. 2004) (per curiam). Thus, the merits of the ineffective assistance claim may only be reached "'if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent.'" St. Helen, 374 F.3d at 184 (quoting Bousley v. United States, 523 U.S. 614, 622, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998) (internal quotation marks and citations omitted)). Petitioner has not met this standard. "To establish 'cause,' a defendant must show that 'some objective

factor external to the defense impeded . . . efforts to comply with the State's procedural rule.'" Collazo v. Lee, No. 11-CV-1804, 2011 WL 6026301, at *3 (E.D.N.Y. Dec. 2, 2011) (quoting Coleman, 501 U.S. at 753). Here, Petitioner offers no explanation for his failure to raise the ineffective assistance claim in his direct appeal. Given Petitioner's failure to show "cause" for his procedural default, this Court need not determine whether he suffered prejudice because "relief is unavailable unless both cause and prejudice have been established." Collazo, 2011 WL 6026301, at *3 (citing Stepney v. Lopes, 760 F.2d 40 (2d Cir. 1985)). Furthermore, there is no evidence to show, nor does Petitioner even claim, that he is actually innocent of the crimes of which he was convicted. Accordingly, Petitioner's ineffective assistance of counsel claim is denied.

[BOTTOM OF PAGE INTENTIONALLY LEFT BLANK]

15

CONCLUSION

For the reasons set forth above, Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DENIED. Because there can be no debate among reasonable jurists that Petitioner was entitled to habeas relief, the Court does not issue a Certificate of Appealability. <u>Middleton v. Att'ys Gen.</u>, 396 F.3d 207, 209 (2d Cir. 2005); <u>see</u> <u>also</u> 28 U.S.C. § 2253(c) ("A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.").

The Clerk of the Court is directed to mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:  August  6 , 2013
        Central Islip, NY