```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
SHANE WILLIAMS,

                    Petitioner,             MEMORANDUM & ORDER
                                             09-CV-3576(JS)
          -against-

SUPERINTENDENT DAVID ROCK,

                    Respondent.
----------------------------------------X
APPEARANCES
For Petitioner:    Shane Williams, pro se
                   06A3334
                   Green Haven Correctional Facility
                   P.O. Box 4000
                   Stormville, NY 12582

For Respondent:    Grazia Divincenzo, Esq.
                   Suffolk County District Attorney's Office
                   200 Center Drive
                   Riverhead, NY 11901
```

SEYBERT, District Judge:

Currently pending before the Court is pro se petitioner Shane Williams' ("Petitioner") motion for reconsideration of the Court's August 6, 2013 Memorandum and Order (the "August 2013 Order," Docket Entry 9) denying his Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Specifically, Petitioner seeks reconsideration of that portion of the August 2013 Order finding that Petitioner's claim of ineffective assistance of trial counsel was procedurally barred. For the following reasons, Petitioner's motion is DENIED.

BACKGROUND

The Court presumes familiarity with the underlying facts of this case, which are detailed in the Court's August 2013 Order. The Court will briefly set forth the background relevant to the pending motion.

On May 26, 2006, Petitioner was convicted of three counts of committing a Criminal Sexual Act in the First Degree, N.Y. PENAL LAW § 130.50; five counts of Sexual Abuse in the First Degree, N.Y. PENAL LAW § 130.65; and one count of Robbery in the Second Degree, N.Y. PENAL LAW § 160.10. (Pet. ¶¶ 2-5; Resp't's Return, Docket Entry 6 ¶ 2.) Petitioner was sentenced to determinate terms of imprisonment totaling twenty-six years with five years of post-release supervision. (Resp't's Return ¶ 2; Sentencing Tr. May 26, 2006, at 8-11).

Petitioner appealed the judgment of conviction to the New York State Appellate Division, Second Department on the grounds that: (1) Petitioner's statements should have been suppressed because the police strategically thwarted his arraignment on an unrelated, subsequent robbery charge in order to keep Petitioner in custody and extract a confession on the original criminal charges; (2) the evidence did not establish Petitioner's guilt beyond a reasonable doubt and the verdict was against the weight of the evidence; and (3) the twenty-six year determinate sentence imposed for Petitioner's first felony

2

conviction was unduly harsh and excessive and should be modified in the interests of justice. (Pet. ¶¶ 8-9; Resp't's Return ¶ 17).

On July 15, 2008, the Appellate Division affirmed the judgment of conviction. People v. Williams, 53 A.D.3d 591, 861 N.Y.S.2d 420 (2d Dep't 2008). The court held that Petitioner had not preserved for appellate review his contentions that his statements to the police should have been suppressed and that the evidence did not establish Petitioner's guilt beyond a reasonable doubt. Id. at 592, 861 N.Y.S.2d at 420. Although it found these arguments unpreserved for appellate review, the court reviewed the merits of Petitioner's arguments nonetheless and found that they both lacked merit. Id.

On May 20, 2009, Petitioner filed a motion pursuant to Section 440.10 of the New York Criminal Procedure Law (the "440.10 Motion") in the New York State Supreme Court, Suffolk County, claiming that his trial counsel was ineffective for failing to preserve the arguments that were raised on appeal. Noting that Article 440 of the New York Criminal Procedure Law "is not available to re-litigate matters already resolved," the court denied the 440.10 Motion on July 1, 2009 because Petitioner presented arguments that were raised and rejected upon direct appeal from his conviction to the Appellate Division. People v. Williams, No. 2456-2005 (N.Y. Sup. Ct.

3

Suffolk Cnty. July 1, 2009). Petitioner sought leave to appeal in the Appellate Division and, on September 23, 2009, the Appellate Division denied Petitioner's application. People v. Williams, No. 2006-07568 (2d Dep't Sept. 23, 2009).

On August 13, 2009, Petitioner filed his Petition for a writ of habeas corpus in this Court. Petitioner raised four grounds in support of the Petition, including, of relevance to the present motion, that his trial counsel was ineffective for failing to preserve for appellate review his claims concerning suppression and the legal sufficiency of evidence. The Court found that the ineffective assistance claim was procedurally barred under New York state law (and thus, barred from federal habeas review) given that the Appellate Division denied Petitioner's application for leave to appeal from the Supreme Court's denial of his 440.10 Motion. (August 2013 Order at 13-14.) Thus, the Court noted that the merits of the ineffective assistance claim could only be reached "'if the [Petitioner could] first demonstrate either cause and actual prejudice, or that he [was] actually innocent.'" (August 2013 Order at 14 (quoting St. Helen v. Senkowski, 374 F.3d 181, 184 (2d Cir. 2004) (per curiam)).) The Court found that Petitioner failed to meet this standard because he offered no explanation for his failure to raise the ineffective assistance claim in his direct appeal and therefore did not show cause. (August 2013 Order at

4

14-15.) The Court also found that Petitioner did not claim that he was actually innocent of any of the crimes of which he was convicted. (August 2013 Order at 15.) Accordingly, the Court denied Petitioner's ineffective assistance of counsel claim. On September 18, 2013, Petitioner moved for reconsideration of this portion of the August 2013 Order. (Docket Entry 12.) This motion is currently pending before the Court.

DISCUSSION

The Court will first address the applicable legal standard before turning to the merits of Petitioner's motion.

I. Legal Standard

Motions for reconsideration may be brought pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure and Local Rule 6.3. See Wilson v. Pessah, No. 05-CV-3143, 2007 WL 812999, at *2 (E.D.N.Y. Mar. 14, 2007). A motion for reconsideration is appropriate when the moving party believes the Court overlooked important "matters or controlling decisions" that would have influenced the prior decision. Shamis v. Ambassador Factors Corp., 187 F.R.D. 148, 151 (S.D.N.Y. 1999). Reconsideration is not a proper tool to repackage and relitigate arguments and issues already considered by the Court in deciding the original motion. See United States v. Gross, No. 98-CR-0159, 2002 WL 32096592, at *4 (E.D.N.Y. Dec. 5, 2002) ("A party may not use a motion to reconsider as an

5

opportunity to reargue the same points raised previously."). Nor is it proper to raise new arguments and issues. See Lehmuller v. Inc. Vill. of Sag Harbor, 982 F. Supp. 132, 135 (E.D.N.Y. 1997). Reconsideration may only be granted when the Court did not evaluate decisions or data that might reasonably be expected to alter the conclusion reached by the Court. Wechsler v. Hunt Health Sys., 186 F. Supp. 2d 402, 410 (S.D.N.Y. 2002).

II. Petitioner's Motion

Petitioner moves for reconsideration of the Court's determination that his ineffective assistance of counsel claim was procedurally barred on two grounds: (1) that the Court overlooked the Supreme Court's decisions in Martinez v. Ryan, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012) and Trevino v. Thaler, 133 S. Ct. 1911, 185 L. Ed. 2d 1044 (2013), which carved out an exception for procedurally barred ineffective assistance claims raised in an initial-review collateral proceeding where no attorney or an ineffective attorney was present; and (2) that under Massaro v. United States, 538 U.S. 500, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003), Petitioner's ineffective assistance claim should be excused from procedural default because his trial attorney and his appellate attorney were both employed by

the Legal Aid Society.  (See Pet'r's Mot. for Recon. at 2-5[1].)
As discussed below, neither of these grounds warrants
reconsideration.

First, the holdings of the Supreme Court in Martinez
and Trevino are not applicable here.  In Martinez, the Supreme
Court held that "a procedural default will not bar a federal
habeas court from hearing a substantial claim of ineffective
assistance at trial if, in the [state's] initial-review
collateral proceeding, there was no counsel or counsel in that
proceeding was ineffective."  Martinez, 132 S. Ct. at 1320.
This rule applies where the state's procedural law provides that
"claims of ineffective assistance of trial counsel must be
raised in an initial-review collateral proceeding."  Trevino,
133 S. Ct. at 1914-15 (emphasis added) (quoting Martinez, 132 S.
Ct. at 1320).  In Trevino, the Supreme Court, interpreting Texas
state procedural law, expanded the holding of Martinez,
concluding that where a "state procedural framework, by reason
of its design and operation, makes it highly unlikely in a
typical case that a defendant will have a meaningful opportunity
to raise a claim of ineffective assistance of trial counsel on
direct appeal, [the] holding in Martinez applies."  133 S. Ct.
at 1921.

---

[1] The page numbers are those supplied by the Case Management/Electronic Case Filing system.

7

Here, Petitioner argues that, like Texas, New York does not have an effective mechanism for an ineffective assistance claim to be raised on direct appeal. (See Pet'r's Mot. for Recon. at 4.) This is incorrect because Petitioner could have raised his ineffective assistance of counsel on direct appeal and, in any event, the Appellate Division addressed the claims Petitioner contends his counsel failed to preserve and decided that they lacked merit. (See August 2013 Order at 13.) Therefore, Martinez and Trevino are not applicable here.

However, even if these cases were applicable, Petitioner has not demonstrated that the ineffective assistance claim has merit. Taken together, Martinez and Trevino provide that the ineffective assistance of counsel or lack of counsel in the collateral review proceeding only supplies "cause" to excuse a procedural default and that "[t]o overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." Martinez, 132 S. Ct. at 1318; Trevino, 133 S. Ct. at 1913. Here, Petitioner's ineffective assistance of counsel claim is meritless because he has not demonstrated that the arguments that were not preserved for appeal have merit. See Rosenfeld v. United States, 972 F. Supp. 137, 148 (E.D.N.Y.

1997) ("Because the petitioner's arguments had no chance of success, his attorney's failure to explain these arguments to him, to raise them at sentencing, or to file an appeal based on them, was not unreasonable.").

Second, Petitioner's argument that his claim should be excused from procedural default due to the fact both his trial and appellate attorneys were employed by the Legal Aid Society is not properly before the Court because new arguments cannot be raised in a motion for reconsideration. See Lehmuller v. Inc. Vill. of Sag Harbor, 982 F. Supp. 132, 135 (E.D.N.Y. 1997); see e.g., Baumgarten v. Suffolk Cnty., No. 12-CV-0171, 2013 WL 3973089, at *6 (E.D.N.Y. 2013); see also Image Processing Techs., LLC v. Canon Inc., No. 10-CV-3867, 2012 WL 253097, at *2 (E.D.N.Y. Jan. 26, 2012) ("[A] party may not, on a motion for [reconsideration], raise an argument for the first time." (internal quotation marks and citations omitted) (second alteration in original). In any event, as noted above, the Appellative Division reviewed the arguments Petitioner claims his counsel failed to preserve for appellate review and found that they lacked merit.

Accordingly, Petitioner has not raised any matters or controlling decisions that this Court overlooked and that would have influenced the prior decision. Therefore, Petitioner's motion for reconsideration is DENIED.

CONCLUSION

For the foregoing reasons, Petitioner's motion for reconsideration is DENIED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

DATED: August  6 , 2014
       Central Islip, New York